UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHAUN HILES                                                                      PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:18-CV-P128-CRS

MIKE HUAN *et al.*                                                  DEFENDANTS

**MEMORANDUM AND ORDER**

Plaintiff Shaun Hiles is a convicted prisoner currently incarcerated at Little Sandy Correctional Complex (LSCC). He filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need during his incarceration at the Kentucky State Reformatory (KSR). He sued Correct Care Solutions, Inc. (CCS) and several employees of CCS, the Kentucky Department of Corrections (KDOC), and KSR in their individual and official capacities.

On initial review of the complaint under 28 U.S.C. § 1915A (DN 9), the Court determined, with the exception of Defendant Lt. Hogan,[1] that it was unable to determine what specific action(s) Plaintiff alleged each Defendant took or failed to take to deny or delay him medical treatment in violation of the Constitution and state law. Before dismissing the action under § 1915A, the Court provided Plaintiff the opportunity to file an amended complaint.

Plaintiff filed an amended complaint (DN 10), which is now before the Court on initial review under § 1915A. For the reasons that follow, the Court will allow some claims to proceed and dismiss the others.

---
[1] The Court indicated that the claims against Defendant Lt. Hogan appeared time-barred.

**I.**

In the amended complaint, Plaintiff sues the following five Defendants who work at KSR:[2] Mike Haun, APRN; Vanessa Suffoletta, APRN; Thad Manning, M.D.; Dr. Stokes, M.D.; and Aaron Smith, Warden.[3]

Plaintiff alleges that on August 13, 2016, he was injured in an attack at KSR and that on August 16, "after three days of complaining of serious pain," he was taken to medical segregation. According to Plaintiff,

> Once at segregation medical Dr. Stokes M.D. came in and despite the Plaintiffs request for Dr. Stokes to do an x-ray to see exactly what was wrong, and despite Plaintiffs pleas for Dr. Stokes not to continue to try to set his arm without x-raying it first and to go to an actual hospital. Dr. Stokes told them to hold the Plaintiff down and attempted to set the shoulder back into socket and wound up breaking it. The following day on August 17th 2016. Dr. Stokes was escorted off the compound and fired by Correct Care Solutions for this mistreatment.

Plaintiff further claims that on August 17, he was taken to Baptist Health Hospital, where surgeon Dr. Jacobs repaired his broken shoulder "placing three plates and fourteen screws to stabalize his shoulder that was broken by Dr. Stokes."

Plaintiff advises that following his release from the hospital, he was taken to the "Nursing Care Facility" at KSR, where he "put in numerous sick call request to see Mike Huan . . . for the extreme pain he was having. Plaintiff was refused any pain medicine and just made to suffer."

---

[2] In the amended complaint, Plaintiff sues Defendants in their official capacities. In the original complaint, Plaintiff sued all Defendants in their individual and official capacities. Thus, in liberally construing the pleadings, as this Court must, the Court finds that Plaintiff is suing Defendants named in the amended complaint in both their individual and official capacities. *See, e.g.*, *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc) (indicating that "§ 1983 plaintiffs must clearly notify defendants of the potential for individual liability" and that courts "look to the course of proceedings" to make that determination).

[3] Plaintiff did not sue in the amended complaint the following Defendants named in the original complaint: KDOC; KDOC Commissioner James Erwin; Anna Valentine; Phillip Campbell; Jodie Williams; Lt. Hogan; Dr. Elton Amos; Mike Mann; or any Unknown Defendants. The Court, therefore, no longer considers them to be Defendants and will direct the Clerk of Court to terminate them from this action.

Plaintiff states that Defendant Huan then released him to the "GP Yard" (presumably, the General Population Yard) after two weeks.

Plaintiff alleges that he then saw Defendant Dr. Manning "numerous times" and that Defendant Dr. Manning did not place him into physical therapy "and because of this neglect the Plaintiff's shoulder locked up again." He reports that on January 23, 2017, he finally started physical therapy "and remained in it for about two months until his shoulder popped out once again for the 3rd time." He claims that even after he informed Defendant Suffoletta that his shoulder popped out again and that he had "extreme pain," she kept him in physical therapy for three more weeks and denied him pain medicine. Finally, alleges Plaintiff, Defendant Suffoletta ordered another x-ray of his shoulder, after which he was again taken to Baptist Health Hospital, "where his surgeon Dr. Jacobs again tried to repair his shoulder."

Plaintiff indicates that he has been in physical therapy for two years at KSR, that he still "suffers extreme pain and emotional distress due to the neglagance listed herein of each Defendant employed by Correct Care Solution and the entire medical staff as a whole." In addition, he alleges "deliberate indifference" and cruel and unusual punishment.

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the Court must review the complaint under 28 U.S.C. § 1915A and dismiss the complaint, or any portion thereof, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. *Official-capacity claims for damages against state Defendants*

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Aside from Defendant Warden Smith, it is unclear whether any of the other Defendants named in the amended complaint are officers and employees of the Commonwealth of Kentucky or of CCS.[4] Regardless, the claims brought against Defendant Warden Smith and any other employees of the Commonwealth of Kentucky in their official capacities are deemed claims against the State. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against the state Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Therefore, Plaintiff's official-capacity claims for damages against Defendant Warden Smith and any other state Defendant will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

### B. *Official-capacity claims against CCS employees*

The official-capacity claims against the medical Defendants who were/are employed by CCS are actually against CCS. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008). The

---

[4] The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). CCS apparently has contracted with the KDOC/KSR to provide medical services to the inmates. Thus, on initial review of the complaint, the Court presumes that CCS is a state actor.

same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private entity like CCS. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("'*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.'") (citation omitted). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality can only be held responsible for a constitutional deprivation if there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

In the instant case, Plaintiff does not allege that his harm was caused by a policy or custom of CCS, and none of the allegations in the amended complaint indicate that Plaintiff was injured as a result of a policy or custom implemented or endorsed by CCS. Accordingly, the claims against CCS and the official-capacity claims against CCS Defendants will be dismissed for failure to state a claim upon which relief may be granted.

### C. *Defendant Warden Smith*

Plaintiff does not make any allegations in the amended complaint against Defendant Warden Smith. To the extent Plaintiff seeks to hold him responsible based on his supervisory position as KSR Warden, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Having failed to allege any direct involvement by Defendant Warden Smith in his claims, Plaintiff fails to state a claim upon which relief may be granted against him.

### D. *Claims regarding medical treatment*

Upon consideration, the Court will allow the claims of deliberate indifference to a serious medical need under the Eighth Amendment[5] and the state-law claims of negligence and intentional infliction of emotion distress to proceed against Defendants Haun, Suffoletta, Dr. Manning, and Dr. Stokes.[6]

### E. *Injunctive relief*

Plaintiff has been transferred from KSR to LSCC. A case, or portion thereof, becomes moot when events occur which resolve the controversy underlying it. *Burke v. Barnes*, 479 U.S. 361, 363 (1987). Generally, an inmate's release from prison or transfer to another prison moots his request for injunctive relief. *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's § 1983 claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding in a § 1983 case, that "to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail"). Because Plaintiff is no longer incarcerated at KSR, his requests for injunctive relief will be dismissed.[7]

---

[5] Plaintiff also alleges cruel and unusual punishment under the Fifth and Fourteenth Amendments. Because the Eighth Amendment prohibits cruel and unusual punishment against convicted prisoners, the Fifth and Fourteenth Amendments are inapplicable here and will be dismissed.

[6] Plaintiff filed his complaint on or around March 1, 2018. While the claims against some of these Defendants may be untimely, *see Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("[S]ection 1983 actions in Kentucky are limited by the one-year statute of limitations found in [KRS] section 413.140(1)(a)."), the timeliness cannot be determined on initial review because Plaintiff does not provide specific dates for some of the Defendants' actions and fails to provide information regarding exhaustion of available administrative remedies, during which time the statute of limitations is tolled. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

[7] The Court notes that Plaintiff filed the amended complaint, in which he claims "still to this day [he] suffers extreme pain," after being transferred to LSCC. Should he be claiming continued problems during his incarceration at LSCC, he must file a separate action against those persons at LSCC that he contends are violating his constitutional rights.

8

## IV.  ORDER

On initial review of the amended complaint (DN 10) pursuant to 28 U.S.C. § 1915A, and for the foregoing reasons,

**IT IS ORDERED that the following claims shall continue:** the Eighth Amendment claims of deliberate indifference to a serious medical need and the state-law claims of negligence and intentional infliction of emotion distress against Defendants Haun, Suffoletta, Dr. Manning, and Dr. Stokes in their individual capacities for damages. In allowing these claims to continue, the Court passes no judgment on the merit and ultimate outcome of these claims. The Court will enter a separate Service and Scheduling Order to govern the development of the continuing claims.

**IT IS FURTHER ORDERED** that all remaining claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

**The Clerk of Court is DIRECTED to terminate the following Defendants from this action: Erwin, Smith, Valentine, Campbell, Williams, Hogan, Dr. Amos, Mann, CCS, and Unknown Defendants.**

Date: April 9, 2019

                                          Charles R. Simpson III, Senior Judge
                                          United States District Court

cc:      Plaintiff, *pro se*
         Defendants
         General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.005