UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHAUN HILES                                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:18-CV-P128-CRS

JAMES ERWIN et al.                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion to dismiss (DN 29) filed by Defendant Laurel Stocks[1] and the "Motion to Move Forward" (DN 30) filed by *pro se* Plaintiff Shaun Hiles. For the following reasons, the Court will grant Defendant Stocks's motion and deny Plaintiff's motion.

**I.**

Defendant Stocks moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because, she argues, the 42 U.S.C. § 1983 claim against her (which has to do with a broken arm suffered by Plaintiff in 2016) is barred by the one-year statute of limitations applicable to § 1983 claims in Kentucky. Defendant Stocks further argues that Plaintiff's supplemental state-law claims against her must be dismissed for failure to comply with the state-law relating to exhaustion.

The initial complaint (DN 9) named as Defendants a number of employees of the Kentucky State Reformatory (KSR) where Plaintiff was then housed. The complaint named Dr. Stokes as a Defendant, describing this doctor as the "Facility physician (Medical Director) at KSR." The original complaint's description of Plaintiff's arm being broken in August 2016 was that the "APRN" who was working in the segregation unit examined his shoulder, stated that it was dislocated, and in doing so "shattered" his shoulder bone.

---

[1] Plaintiff's amended complaint referred to this Defendant as "Stokes." By Order entered February 18, 2020 (DN 27), the Court granted Plaintiff's motion to correct the name of Defendant "Dr. Stokes" to "Laurel Stocks, APRN."

On review of the original complaint in this action (DN 9), the Court provided Plaintiff an opportunity to file an amended complaint to state specific allegations against each named and unknown Defendant. In doing so, the Court noted:

> Plaintiff filed his complaint on or around March 1, 2018. While the claims against some of these Defendants may be untimely, *see Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("[S]ection 1983 actions in Kentucky are limited by the one-year statute of limitations found in [KRS] section 413.140(1)(a)."), the timeliness cannot be determined on initial review because Plaintiff does not provide specific dates for some of the Defendants' actions and fails to provide information regarding exhaustion of available administrative remedies, during which time the statute of limitations is tolled. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

After the Court reviewed the original complaint, Plaintiff filed an amended complaint (DN 10). Plaintiff alleged that on August 13, 2016, he was injured in an attack at KSR and that on August 16, "after three days of complaining of serious pain," he was taken to medical segregation. The amended complaint differed from the original complaint in that it identified "Dr. Stokes," and not an unnamed "APRN," as the person who allegedly broke his arm. The allegations related to Defendant "Stokes" were as follows:

> Once at segregation medical Dr. Stokes M.D. came in and despite the Plaintiffs request for Dr. Stokes to do an x-ray to see exactly what was wrong, and despite Plaintiffs pleas for Dr. Stokes not to continue to try to set his arm without x-raying it first and to go to an actual hospital. Dr. Stokes told them to hold the Plaintiff down and attempted to set the shoulder back into socket and wound up breaking it. The following day on August 17th 2016. Dr. Stokes was escorted off the compound and fired by Correct Care Solutions for this mistreatment.

The amended complaint had several attachments. One document shows that grievance #271508 dated March 6, 2018, brought by Plaintiff regarding his arm being broken was deemed non-grievable because it was filed more than five working days after the incident in question. That denial was dated March 13, 2018.[2]

---

[2] The Court notes that the date of this grievance postdates the date Plaintiff's arm was broken by approximately 18 months and postdates the filing of the original complaint as well.

On initial review of the amended complaint, the Court allowed to go forward an individual-capacity Eighth Amendment claim for deliberate indifference to a serious medical need and state-law claims of negligence and intentional infliction of emotional distress to continue against Defendant "Stokes."

Plaintiff's "Motion to Move Forward" (DN 30) now pending before the Court appears to be in response to assertions in the motion to dismiss that the allegations in the amended complaint do not relate back to the original complaint. Plaintiff argues that he was originally provided the name "Stokes," and not until he filed another open records request at the end of 2018 was he given the name "Stocks." He states that once he learned of Defendant Stocks's real name, he sent a copy of the "original with the motion granting the name change certified" to Defendant Stocks's last known address. Therefore, he argues that the "Court must keep the motion moving forward allowing the name change to Laurel Stocks."

Plaintiff also filed a response (DN 36) to the motion to dismiss, to which he attaches as exhibits grievance forms, three of which are not the same as those attached to his amended complaint. Grievance #271508 signed by Plaintiff on September 3, 2016, states that the morning his arm was broken, "the doctor" told three COs to hold him down while she reset his dislocated shoulder without x-rays. However, the action requested by Plaintiff was "to be release from seg so I can see my family and be housed in dorm 12 with other medical inmates." Plaintiff also attaches a grievance rejection notification dated September 13, 2016, stating that grievance #271508 had been deemed non-grievable because it related to a disciplinary action.

In reply (DN 37), Defendant Stocks argues that the grievance forms Plaintiff attached to his response actually show that his claims are time-barred because two of the grievances he

3

attached showed that they were denied as non-grievable more than a year before he filed suit in this case.

Plaintiff then filed a "reply" (DN 38) in which he argues that, under Kentucky law, the knowledge necessary to trigger the statute of limitations is both knowing he has been wronged and by whom the wrong has been committed. He argues that he has been hindered from knowing who wronged him. He also argues that it is Ky. Rev. St. § 413.140(2),[3] not § 413.140(1)(a), which provides the statute of limitations in this case.

## II.

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[], accept all well-pled factual allegations as true," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007), and determine whether the "complaint . . . states a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his entitlement to relief, which "requires more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the statute of limitations is an affirmative defense, dismissal of an action is appropriate under Rule 12(b)(6) if the "allegations in the complaint affirmatively show that the claim is time-barred." *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016) (internal quotation marks and citation omitted); *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that

---

[3] Section 413.140(2) of the Kentucky Revised Statutes provides that an action against a physician licensed pursuant to KRS Chapter 216 for negligence or malpractice accrues "at the time the injury is first discovered or in the exercise of reasonable care should have been discovered; provided that such action shall be commenced within five (5) years from the date on which the alleged negligent act or omission is said to have occurred."

4

relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

In ruling on a motion to dismiss, a court may consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Tr. Co.*, 605 F. Supp. 2d 914, 924-25 (N.D. Ohio 2009); *Ruth v. Unifund CCR Partners*, No. 5:08CV2689, 2009 WL 585847 at *3, (N.D. Ohio Mar. 6, 2009) ("In determining whether to grant a Rule 12(b)(6) motion, the court 'may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.'") (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008)); *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

*A. § 1983 claim*

First, the Court reaffirms its previous finding that the one-year statute of limitations contained in § 413.140(1)(a) is the appropriate statute of limitations. It is well settled that, in Kentucky, the limitations period for § 1983 actions is the one-year statute of limitations found in § 413.140(1)(a). *See, e.g.*, *Boger v. City of Leitchfield, Ky.*, No. 4:08-CV-00046-JHM, 2011 WL 2935047, at *2 (W.D. Ky. July 18, 2011) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d at 182 ("[W]e conclude that section 1983 actions in Kentucky are limited by the one-year statute of limitations found in [KRS] 413.140(1)(a).").

Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

Here, the Court finds that Defendant Stocks's motion to dismiss should be granted with respect to the § 1983 claim because it is time-barred. The only constitutional violation Plaintiff alleges that Defendant Stocks committed occurred on August 16, 2016, when she allegedly broke his arm. It is clear from the complaint that Plaintiff knew his arm was broken at that time.

"Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties" that must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure "in order for the amendment adding the named defendant to relate back to the filing of the original complaint." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). However, the Court need not and does not decide whether either the substitution of "Stocks" for "Stokes" or the amended complaint relates back to the original complaint because Plaintiff's § 1983 claim against this Defendant was time-barred even at the time he filed the original complaint.

As this Court pointed out in its initial review of the original complaint, the statute of limitations is tolled while a prisoner exhausts his administrative remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). It is now clear from the attachments to Plaintiff's motion to dismiss that he filed grievance #271508 arising out of this incident on September 3, 2016. That grievance referred to his arm having been broken. However, because the grievance asked to be released from segregation, on September 13, 2016, the grievance was found to be non-grievable

6

because it related to a disciplinary action. Thus, at that point, the grievance procedure was complete. Plaintiff's § 1983 claim against Defendant Stocks, even if considered from the date the initial complaint was filed, was not filed until over a year from the completion of the grievance process.

Furthermore, Plaintiff's refiling of grievance #271058 in March 2018, after he filed his complaint, does not impact or restart the one-year limitations period. *See, e.g.*, *Crump v. Darling,* No. 06-cv-20, 2007 WL 851750 at *11 n.11 (W.D. Mich. Mar. 21, 2007) (noting that a grievance which was rejected as duplicative of an earlier grievance that was denied, and which was filed after the statute of limitations has run, did not restart the limitations clock). In any event, prisoners like Plaintiff are required by the Prison Litigation Reform Act "to exhaust all administrative remedies *before* they can file suit in federal court." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (citing 42 U.S.C. § 1997e(a), emphasis added). In short, Plaintiff's claim against Defendant Stocks is time-barred and must be dismissed.

***B. State-law claims***

Defendant Stocks argues that Plaintiff's supplemental state-law claims against her must be dismissed for failure to comply with Kentucky law relating to exhaustion, *i.e.*, Ky. Rev. Stat. § 454.415. She argues that compliance with § 454.415 is mandatory and that this Court should therefore dismiss the state-law claims because Plaintiff failed to exhaust his administrative remedies and failed to provide proof of that exhaustion as required by state law.

Section 454.415 provides in pertinent part:

(1) No action shall be brought by or on behalf of an inmate, with respect to:

. . .

(d) A conditions-of-confinement issue;

> until administrative remedies as set forth in the policies and procedures of the Department of Corrections, county jail, or other local or regional correctional facility are exhausted.
>
> (2) Administrative remedies shall be exhausted even if the remedy the inmate seeks is unavailable.
>
> (3) The inmate shall attach to any complaint filed documents verifying that administrative remedies have been exhausted.
>
> (4) A court shall dismiss a civil action brought by an inmate for any of the reasons set out in subsection (1) of this section if the inmate has not exhausted administrative remedies[.]

The Kentucky Court of Appeals has stated that courts interpreting § 454.415 are not bound by how federal courts have interpreted the federal Prisoner Litigation Reform Act and that the two statutes are not necessarily congruent in their scope or terms. *Bailey v. Beckstrom*, No. 2006-CA-001349-MR, 2007 WL 1519521, at *2 (Ky. Ct. App. May 25, 2007). "[S]o long as there are 'administrative remedies . . . set forth in the policies and procedures of the Department of Corrections,' they must be followed for a plaintiff to have exhausted his remedies." *Morgan v. Kentucky*, No. 3:17-CV-00474-JHM, 2018 WL 715468, at *5 (W.D. Ky. Feb. 5, 2018).

      Here, it is clear that Plaintiff did not exhaust his prison remedies before filing this action, given the documents Plaintiff attached to his amended complaint and response to the motion to dismiss. Those documents show that grievance #271508 signed by Plaintiff on September 3, 2016, stated that the morning his arm was broken, "the doctor" told three COs to hold him down while she reset his dislocated shoulder without x-rays. However, the action requested by Plaintiff was "to be release from seg so I can see my family and be housed in dorm 12 with other medical inmates." The grievance rejection notification dated September 13, 2016, stated that grievance #271508 had been deemed non-grievable because it related to a disciplinary action. Thus, Plaintiff failed to grieve the actual alleged negligence/malpractice by Defendant Stocks in

breaking his arm; instead, he grieved being placed in segregation following the incident. Second, even if that grievance pertained to the alleged negligence/malpractice, it was not timely brought in relation to Defendant Stocks's alleged negligence/malpractice because it was brought more than 5 days after his arm was broken. Finally, the grievance with the same number that Plaintiff refiled in 2018 after he filed this action was, obviously, not brought within a five-day period of the alleged negligence/malpractice; nor was it brought before he filed this suit.

Accordingly, dismissal of Plaintiff's state-law claims against Defendant Stocks is appropriate for Plaintiff's failure to exhaust before filing this action. Additionally, the Court notes that Plaintiff did not "attach to any complaint filed documents verifying that administrative remedies have been exhausted" as required by § 454.415(3).

### III.

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to dismiss (DN 29) is **GRANTED** and that Plaintiff's motion (DN 30) is **DENIED**.

The Clerk of Court is **DIRECTED** to terminate Defendant Stocks as a party to this action.

Date: March 29, 2021

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4411.009